UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EBONY DUNCAN, et al.,                                         MEMORANDUM
                          Plaintiffs,                        AND ORDER
                  - against -
CITY OF NEW YORK, et al.,                                    12-CV-1565 (ENV) (JO)
                          Defendants.
-----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

In a letter motion filed on December 28, 2012, the defendants sought various forms of

discovery relief. Docket Entry ("DE") 29 ("Motion"). The plaintiffs opposed essentially all of the

requests in a response submitted on January 4, 2013. DE 30 ("Opp."). As a threshold matter, the

plaintiffs ask me to deny the motion in its entirety on the grounds that it was filed both too early

(because the defendants' counsel did not consult him sufficiently in advance of making the motion)

and too late (because the motion was made months after the plaintiffs served their responses to the

discovery requests at issue). I share both concerns and encourage the parties, in the event of any

future discovery disputes, to meet quickly and thoroughly explore the possibility of narrowing or

resolving their differences on consent.[1] Nevertheless, in the interest of efficiency, I decline to

strike the motion on technical grounds and will proceed to the merits.

1.      Releases for prior arrest records. I grant the defendants' motion to compel each

plaintiff to authorize the release of prior arrest records pursuant to N.Y. C.P.L. § 160.50. The

review of such records may lead to the discovery of admissible evidence on the issue of damages.

2.      Medical records. I deny the defendants' request for access to all medical records of

each plaintiff for a period starting five years before the incident at issue. Instead, I order each

plaintiff to authorize the release of records for the diagnosis or treatment of any injury similar to

---

[1]  I further caution the parties that future submissions that exceed the applicable page limit will be
stricken.

any injury that plaintiff has alleged in this action. Such records are relevant to damages; the request for other medical records unrelated to any claimed injury does not appear to be reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

3.      Psychological and psychiatric records. The plaintiffs state explicitly that "they are not claiming severe emotional distress[.]" Opp. at 4. In the absence of such a claim, the defendants' requests for psychological and psychiatric records are not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. The fact that, as a matter of law, the plaintiffs' claim of intentional infliction of emotional distress requires them to prove severe emotional distress does not mean that they will in fact succeed in doing so, or even make the attempt. Rather, in light of their explicit disavowal of any severe emotional distress, it appears likely that their cause of action for intentional infliction of emotional distress will simply be subject to summary disposition (if it is not voluntarily withdrawn in an exercise of their counsel's continuing obligation to abandon a claim he learns to be unsupportable).

4.      Social Security, Medicare, Medicaid, and Insurance records. I deny the defendants' request for unrestricted access to the plaintiffs' Social Security, Medicare, Medicaid, and insurance records. Instead, I order each plaintiff to collect and disclose all such records relating to any injury similar to any injury that plaintiff has alleged in this action. Such records are relevant to the issue of damages; the request for other records does not appear to be reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

5.      Employment records. The defendants seek the release of each plaintiff's employment records on the grounds that the discovery of such information will be pertinent to the issue of damages. The sole cited authority for the request is an unpublished order in *Harris v. City*

*of New York*, 09-CV-3474 (KAM), slip op. at 3-4 (E.D.N.Y. July 9, 2012). In *Harris*, the court

granted the defendants' request to compel plaintiffs to authorize the release of all employment

records for the prior ten years. The court provided no analysis beyond noting that the "[d]efendants

argue[d] that [such records were] relevant to the issue of psychological damages because plaintiffs

claim 'severe … emotional distress' as a result of the incident" at issue in that case. *Id.* (citing

defendants' letter, which in turn quoted the plaintiffs' complaint). I respectfully disagree with the

implicit proposition that an allegation of severe emotional distress, without more, necessarily

renders the entirety of a plaintiff's employment history discoverable in a Section 1983 civil rights

action. More fundamentally, however, *Harris* is simply inapposite: whereas the plaintiffs in that

case explicitly pleaded that they had suffered "severe … emotional distress" – an allegation that is

the only discernible basis for the court's ruling – the plaintiffs in this case have not.[2] To the

contrary, in response to the instant motion, the plaintiffs have stated explicitly that "[n]one of

[them] are asserting claims for severe emotional distress." Opp. at 3. Accordingly, because I

conclude that the defendants' request does not appear to be reasonably calculated to lead to the

discovery of admissible evidence relevant to any claim or defense, I deny the motion to compel the

release of employment records.

6.        Authorization to contact health care providers *ex parte*. I deny the defendants'

motion to speak *ex parte* with the plaintiffs' various health care providers. The defendants are of

course free to subpoena such professionals for pretrial depositions and are also free, on a showing

of specific need, to renew their motion with respect to a particular witness. As set forth above, the

claims in this case do not place in issue the full scope of each plaintiff's medical history; rather, a

---

[2] In pleading their claim for the intentional infliction of emotional distress, the plaintiffs allege
that the defendants intended to cause severe emotional distress, DE 1 (Complaint) ¶ 117, but allege
no more than "emotional distress" (without modification) in describing the result of the defendants'
alleged conduct. *Id.* ¶ 118.

plaintiff's medical or psychiatric history is pertinent only to the extent that history includes injuries similar to those that plaintiff alleges here. To the extent a plaintiff has not placed in issue the treatment he or she received from a given health care provider, granting the defendants unrestricted access to that provider for *ex parte* interviews would create a risk of the unwarranted disclosure of information that is irrelevant to this lawsuit but that is protected by the doctor-patient privilege or by statute. Guarding against such unwarranted disclosures in an *ex parte* interview would create a needless burden for the parties, the court, and the non-party health care providers.[3]

7.       Information about other lawsuits to which any plaintiff has been a party. The defendants seek an order compelling the plaintiffs to respond to the following interrogatory: "Identify each lawsuit to which plaintiffs have been a party [sic] …." Motion Ex. A at 12. By its terms, the interrogatory seeks plainly irrelevant information about lawsuits in which the plaintiffs have been sued. That may explain why, in the argument in support of the motion, the defendants purport to characterize the interrogatory as seeking only information "concerning other lawsuits that [the plaintiffs] have brought." Motion at 6. Even under that narrower reading, the request seeks information not reasonably calculated to lead to the discovery or admissible evidence relevant to any claim or defense. For example, if one of the plaintiffs had prosecuted a lawsuit to enforce her rights under state and federal wage laws, that fact would appear to be entirely irrelevant to the dispute in this action.

---

[3] The defendants rely on dicta from inapposite cases to argue that denying their request would abrogate their right to the effective assistance of counsel. *See* Motion at 5 (citing *Bayne v. Provost*, 359 F. Supp. 2d 234, 242 (N.D.N.Y. 2005) (citing *IBM v. Edelstein*, 526 F.2d 37, 42 (2d Cir. 1975)). I respectfully disagree. The argument rests on one assumption that I find unpersuasive (namely, that a lawyer is somehow rendered ineffective simply by virtue of nothing more than a requirement that she review certain information in an open proceeding rather than *ex parte*), and another assumption – tacit, but necessary to the defendants' reasoning – that is demonstrably wrong (namely, that the defendants in this civil action are "accused" within the meaning of the Sixth Amendment).

The motion appears to be moot with respect to plaintiffs Duncan, Harrell, and Gray: their counsel now reports that none of them has ever been a party to any lawsuit other than this action. Opp. at 4. To the extent it appears that plaintiff McCombs may have been a party to a prior negligence action, *see id.*, that fact may or may not be pertinent depending on the nature of the claim in that case. I therefore order plaintiff McCombs to disclose if he has previously asserted a claim for damages relating to any injury similar to those he alleges here. In all other respects, I deny the motion in the absence of a showing that the information at issue is likely to lead to the discovery of any admissible evidence relevant to any claim or defense in the case.

8.      Files of the plaintiffs' criminal defense attorneys. The defendants ask me to compel the plaintiffs to produce the files of the attorneys who represented them in the criminal cases arising from the incident at issue in this lawsuit. In doing so, the defendants acknowledge that some portions of the attorneys' files may be privileged; with respect to such information they seek a privilege log rather than disclosure. Motion at 1, 6. At first blush, I agree that although the files at issue may well contain some information that is the property of the attorneys rather than the clients (and thus not subject to disclosure), as a general matter the request seeks information that is either discoverable or subject to the requirement of producing a privilege log.

However, I agree with the plaintiffs that given the subject matter of the request, virtually any responsive information that is *not* privileged would likely be available either from public court files or from the relevant District Attorney's files that the plaintiffs have already authorized the defendants' counsel to access. *See* Opp. at 5. It therefore appears that granting this aspect of the defendants' motion would do little if anything more than put the plaintiffs to the trouble of creating a privilege log; it would not likely result in the actual production of information or records that the

defendants would not otherwise receive. Creating such a needless burden seems contrary to the

requirement that the procedural rules be "construed and administered to secure the just, speedy,

and inexpensive determination" of this action. Fed. R. Civ. P. 1. I therefore deny the motion

without prejudice to the defendants' right to seek access to specific records on a showing of need.

        9.      <u>Names or descriptions of officers with whom the plaintiffs interacted</u>. The four

plaintiffs in this action assert claims based on their interaction with as many as ten members of the

New York City Police Department, not all of whom have yet been identified. The defendants

reasonably seek to have the plaintiffs provide the names or physical descriptions of each such

officer. The parties disagree only as to how such information should be provided: the defendants

seek the information in an interrogatory response, and the plaintiffs propose to provide it in their

depositions.[4] In support of their position, the defendants rely on an unpublished order in which the

court, without discussion, granted a similar request for relief. *See* Motion at 6 (citing *Shirley v. City*

*of New York*, 12-CV-1736 (JBW) (VVP), Order at 1 (E.D.N.Y. Dec. 27, 2012)). Such authority

provides no guidance at all, aside from the unremarkable (and undisputed) proposition that the

court has the authority to resolve such a dispute in the defendants' favor.

      There may well be circumstances – such as those in *Shirley* in which a single plaintiff made

allegations about a single unidentified officer engaging in a specific act, *see Shirley*, Order at 1

(ordering the plaintiff to "provide a physical description of the officer who put her hands behind

---

[4] On November 29, 2012, I resolved a related dispute among the parties concerning the plaintiffs' request for photographs of all officers who had been present at the incident at issue. I ordered the defendants, over their objection, to disclose such photographs under conditions that would address their legitimate security concerns. *See* DE 25 (transcript of conference) at 31-35. More than five weeks later, when the plaintiffs submitted their response to the instant motion, the defendants had not yet complied with that order. *See* Opp. at 5. The defendants' counsel has since submitted, and I approved, a protective order governing production of the photographs. *See* DE 32; Order dated Jan. 22, 2013. If the defendants have not yet disclosed the photographs, I order them to do so forthwith and in no event later than January 31, 2013.

her back and placed handcuffs on her wrists") – where ordering the kind of relief the defendants

seek here would be efficient. But in the circumstances of this case, in which multiple plaintiffs

ascribe a variety of actions to a large number of defendants, requiring the plaintiffs to reduce their

descriptions to writing seems quite inefficient, as any such written descriptions will likely require

clarification and follow-up questioning. I therefore conclude that the most efficient means for

conducting such discovery is to require the plaintiffs to provide the pertinent descriptions at their

depositions, where visual aids such as photographs can be provided and counsel can clarify vague

or ambiguous responses with further questioning.

Conclusion. For the reasons set forth above, I grant in part and deny in part the defendants'

motion to compel certain discovery.

SO ORDERED.

Dated: Brooklyn, New York
        January 28, 2013

                                                        _____/s/_____
                                                        JAMES ORENSTEIN
                                                        U.S. Magistrate Judge