UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY,
and DEBORAH HARRELL,

Plaintiffs,

    -against-

CITY OF NEW YORK, JOHN DENESOPOLIS, Individually,
FRANK ALIFFI, Individually, JERRY GARCIA, Individually,
JIN TSOI, Individually, BRUCE CEPARANO, Individually,
JEFFREY DESIO, Individually, BEKIM KALICOVIC, Individually,
ALBERT ISAAC, Individually, JOHN FAHIM, Individually,
MICHAEL HOTALING, Individually, FRANCISCO MONCAYO,
Individually, MASHIEL SANTOS, Individually, GREGORY
HOWARD, Individually, CHRISTOPHER CATALDO, and JOHN
and JANE DOE 1 through10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

Defendants,

--------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

12 CV 1565
(PKC) (JO)

<u>Jury Trial Demanded</u>

Plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and

DEBORAH HARRELL, by their attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully allege as follows:

<b>PRELIMINARY STATEMENT</b>

1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs

also assert supplemental state law claims.

<b><u>JURISDICTION</u></b>

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff EBONY DUNCAN is a twenty-nine year old African American woman residing in Staten Island, New York.

7.    HARRISON MCCOMBS is a twenty-five year old African American man residing in Staten Island, New York.

8.    BREYON GRAY is a thirty-one year old African American man residing in North Carolina.

9.    DEBORAH HARRELL is a fifty-three year old African American woman residing in Staten Island, New York.

10.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

2

12.    That at all times hereinafter mentioned, the individually named defendants, JOHN DENESOPOLIS, FRANK ALIFFI, JERRY GARCIA, JIN TSOI, BRUCE CEPARANO, JEFFREY DESIO, BEKIM KALICOVIC, ALBERT ISAAC, JOHN FAHIM, MICHAEL HOTALING, FRANCISCO MONCAYO, MASHIEL SANTOS, GREGORY HOWARD, CHRISTOPHER CATALDO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

13.    That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

15.    On January 1, 2011, at approximately 12:15 a.m., plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, were lawfully present inside of 411 Jersey Street, Staten Island, New York, celebrating New Years.

16.    While plaintiffs were inside celebrating the New Year, a dispute occurred on the street in the vicinity of 418 Jersey Street, resulting in a 911 call being placed.  Plaintiffs were not involved in said dispute.

17.    Defendant NYPD officers including, but not limited to, JOHN DENESOPOLIS, FRANK ALIFFI, JERRY GARCIA, JIN TSOI, BRUCE CEPARANO, JEFFREY DESIO,

ALBERT ISAAC, JOHN FAHIM, MICHAEL HOTALING, FRANCISCO MONCAYO, MASHIEL SANTOS, GREGORY HOWARD, CHRISTOPHER CATALDO, and JOHN DOE 1 through 10, responded to said 911 call.

18.     Defendants, including DENESOPOLIS, ALIFFI, GARCIA, TSOI, CEPARANO, DESIO, ISAAC, FAHIM, HOTALING, MONCAYO, HOWARD, CATALDO, JOHN and JANE DOE 1 through 10, and, upon information and belief, SANTOS, thereafter unlawfully, and otherwise without permission, authority, or just cause, entered 411 Jersey Street, and directly participated in assaulting, battering, and falsely arresting the plaintiffs, as well as in searching the premises, or otherwise standing by while this was occurring in their presence.

19.     While the officers were inside of 411 Jersey Street, defendant CEPARANO, who at the time held the supervisory rank of sergeant, struck plaintiff MCCOMBS in the head with a baton, causing him to lose consciousness and to suffer physical injuries.

20.     After plaintiff McCombs was struck, he was further assaulted by officers including, but not limited to, CEPARANO and CATALDO, causing injuries to his body and right hand.

21.     Defendants including, but not limited to, ISAAC, who then held the supervisory rank of lieutenant, and ALIFFI, unreasonably deployed pepper spray in the location, and in the direction of plaintiff HARRELL, causing HARRELL to suffer an asthma attack.

22.     Defendant CEPARANO unjustifiably threw plaintiff HARRELL to the ground, seizing her, and causing her additional pain and suffering.

23.     Plaintiff HARRELL, who had difficulty seeing and breathing from her exposure to pepper spray, crawled toward the door of the location, and exited said location, where police officers stood with her for approximately twenty-five minutes before deciding to release

4

HARRELL from custody.

24.     A defendant officer, believed to be GREGORY HOWARD, grabbed plaintiff GRAY, slammed him to the ground, and, along with JOHN DOE 1, repeatedly struck him on his back, legs, chest, and arms and handcuffed him. As a result of the defendant officers' actions, plaintiff GRAY suffered physical injuries and pain.

25.     Defendant ALIFFI forcibly held plaintiff DUNCAN against a refrigerator for a period of time, during which she was not free to leave, before temporarily releasing her.

26.     Plaintiff DUNCAN exited the location, shortly thereafter, but realized the officers still had her identification.  Ms. Duncan returned to the location intending to retrieve her identification.

27.     While plaintiff DUNCAN was in front of 411 Jersey Street, defendant ALIFFI handcuffed plaintiff DUNCAN.

28.     Plaintiffs DUNCAN, MCCOMBS, and GRAY were then unlawfully imprisoned in police vehicles and transported to the NYPD 120th police precinct, located at 78 Richmond Terrace in Staten Island, New York.

29.     Once at the precinct, MCCOMBS was initially released with Summons No. 43287351-5, said summons having been falsely issued by defendant SANTOS, and which set forth false allegations that plaintiff MCCOMBS had purportedly acted disorderly at 411 Jersey Street.

30.     A short while after plaintiff MCCOMBS was released, he returned to the 120th precinct to inquire about, among other things, his property, which had been taken from him.

31.     When MCCOMBS returned to the precinct, CEPARANO ordered that plaintiff be taken into custody again and processed through the system, rather than via the previously

5

improperly issued summons, which, upon information and belief, was voided.

32.     MCCOMBS was then held until his arraignment on January 2, 2011, in Richmond County Criminal Court, on baseless charges filed under docket numbers 2011RI000058; said charges having been filed based on the false and manufactured allegations of defendant ALIFFI.

33.     Plaintiff DUNCAN was also held until her arraignment on January 2, 2011, in Richmond County Criminal Court, on baseless charges filed under docket numbers 2011RI000055; said charges having been filed based on the false and manufactured allegations of defendants ALIFFI, FAHIM, and MONCAYO that firearms were discovered inside of 411 Jersey Street.

34.     Plaintiff GRAY was also held until his arraignment on January 2, 2011, in Richmond County Criminal Court, on baseless charges filed under docket numbers 2011RI000057; said charges having also been filed based on the false allegations of defendant ALIFFI.

35.     Defendant ALIFFI created arrest documents, and signed and swore to the criminal court complaints filed against MCCOMBS, DUNCAN, and GRAY, which contained false and manufactured allegations that he conveyed to the Richmond County District Attorney's Office. Specifically, defendant ALIFFI falsely alleged that MONCAYO and FAHIM recovered firearms inside of 411 Jersey Street; and that plaintiffs MCCOMBS and GRAY had obstructed defendant ALIFFI from performing his duties inside of 411 Jersey Street, and had resisted ALIFFI's attempts to arrest them.

36.     Defendant CEPARANO signed off on defendant ALIFFI's paperwork, assisted in manufacturing and creating evidence against plaintiffs, and in covering up his and his subordinate officers' acts of brutality and misconduct.

6

37.     As a result of the above misconduct, malicious prosecutions were initiated against plaintiffs MCCOMBS, DUNCAN, and GRAY.  The defendant officers caused said prosecutions to be commenced against said plaintiffs for the purpose of obtaining a collateral objectives outside the legitimate ends of the legal process, to wit (without limitation): to avoid disciplinary action for the above described acts of brutality and abuse of authority.

38.     The malicious prosecution compelled plaintiffs MCCOMBS and GRAY to return to court on five dates, until June 30, 2011, when the false charges filed against them were dismissed and sealed in Richmond County Criminal Court.

39.     The malicious prosecution compelled plaintiff DUNCAN to return to court on eight dates, until November 4, 2011, when the false charges filed against her were dismissed and sealed in Richmond County Criminal Court.

40.     Defendants DENESOPOLIS, GARCIA, CEPARANO, KALICOVIC, ISAAC, and HOTALING held supervisory ranks, and supervised, approved of, oversaw, and otherwise presided over, verified, and participated in the excessive use of force, arrests, and/or prosecutions of the plaintiffs.

41.     Defendant officers DENESOPOLIS, ALIFFI, GARCIA, TSOI, CEPARANO, DESIO, KALICOVIC, ISAAC, FAHIM, HOTALING, MONCAYO, SANTOS, and JOHN and JANE DOE 1 through 10 directly participated in the above illegal acts, or failed to intervene in them, despite a meaningful opportunity to do so.

42.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, as well a practice of falsification.

7

43.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force, particularly with regard to using force on innocent bystanders when responding to disputes; that officers improperly employ a practice of striking individuals in the head with their batons, ASP metal retractable batons, or other hard objects; and that officers, including the individual defendants, engage in a practice of falsification and covering up of acts of brutality and abuse of authority through false arrests, manufacturing evidence, and by failing to report uses of force as required by NYPD policy and practice.  Defendant CITY OF NEW YORK is further aware that such improper training and practices have often resulted in a deprivation of civil rights, injuries, and the false arrests of civilians.

44.     For example, according to allegations in another lawsuit, *Dante Daniels v. City of New York*, 11 CV 3488 (RRM) (MDG), filed in United States District Court for the Eastern District of New York, NYPD officers, including defendants CEPARANO and HOTALING, responded to a dispute on Richmond Avenue in Staten Island, New York, and were involved, either personally or in their supervisory capacities, in subjecting Mr. Daniels to excessive force and thereafter arresting him on false charges, despite the fact that Mr. Daniels was not involved in the underlying dispute or committing any crimes or offenses.

45.     In another example, plaintiff Christine Scianna alleged in *Scianna v. City of New York*, 09 CV 0087 (BMC), filed in United States District Court for the Eastern District of New York, that defendant ALIFFI, along with other officers, responded to a location to purportedly stop a fireworks party being held in celebration of the Fourth of July and participated, either

8

directly or through a failure to intervene, in subjecting Ms. Scianna to excessive force and thereafter arresting her on false charges, despite the fact that Ms. Scianna was not involved in the fireworks party or committing any crimes or offenses.

46.     Plaintiffs Shameek Champagne, Christina Jenkins, and Isaiah Jenkins, alleged in *Champagne, et al., v. City of New York*, 11 CV 5644 (RRM)(SMG), filed in United States District Court for the Eastern District of New York, that NYPD officers, including defendant ISAAC, were called to a dispute on Barker Avenue in Staten Island, and that officers subjected plaintiffs to excessive force, and thereafter arrested them on false charges, despite the fact that plaintiffs were not involved in the underlying dispute or committing any crimes or offenses.

47.     In addition, the City is also aware through complaints filed with NYPD Internal Affairs Bureau and the Civilian Complaint Review Board that police officers engage in the aforementioned practice of subjecting innocent bystanders to excessive force when responding to calls regarding purported disputes, and of arresting said innocent individuals despite the fact that said individuals were neither involved in the underlying dispute, nor committing any crimes or offenses.  Defendant City is likewise aware through such complaints that its officers engage in the aforementioned pattern and/or practice of striking individuals in the head with ASPs, batons, and/or other hard objects.

48.     Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights and resulted in plaintiffs' injuries.

49.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

50.     As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

53.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

56.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry under 42 U.S.C. § 1983)

58.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Upon information and belief, defendants entered 411 Jersey Street without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

60.    As a result plaintiff EBONY DUNCAN's right to be free from an unlawful entry via the Fourth Amendment was violated.

61.    As a result of the foregoing, plaintiff EBONY DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

62.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

11

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

64.    Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

65.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### (Excessive Force under 42 U.S.C. § 1983)

66.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL's constitutional rights.

68.    As a result of the aforementioned conduct of defendants, plaintiffs HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL were subjected to excessive force and sustained physical and emotional injuries.

69.    As a result of the foregoing, plaintiffs HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this

action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

70. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY.

72. Defendants caused plaintiffs MCCOMBS and GRAY to be prosecuted without probable cause until their charges were dismissed on June 30, 2011 and plaintiff DUNCAN to be prosecuted without probable cause until her charges were dismissed on November 4, 2011.

73. As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

74. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants issued criminal process against EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY by causing them to be arraigned and prosecuted for various violations of the Penal Law.

76. Defendants caused plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY to be prosecuted in order to obtain a collateral objective outside the legitimate

ends of the legal process, to wit: to avoid disciplinary action for the above described acts of brutality and abuse of authority and thereby violated plaintiffs' right to be free from malicious abuse of process.

77.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

78.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendants created false evidence against plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY.

80.    Defendants utilized this false evidence against plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY in legal proceedings.

81.    As a result of defendants' creation and use of false evidence, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY suffered a violation of their constitutional rights to a fair trial as guaranteed by the United States Constitution.

82.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this

action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     The defendants seized, detained, arrested, and imprisoned plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, subjected plaintiffs HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL to the excessive use of force, and maliciously prosecuted plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

85.     As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL were deprived of their rights under the Equal Protection Clause of the United States Constitution.

86.     As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

87.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    Defendants had an affirmative duty to intervene on behalf of plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, whose constitutional rights were being violated in their presence by other officers.

89.    The defendants failed to intervene to prevent the unlawful conduct described herein.

90.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

91.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

92.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    The supervisory defendants DENESOPOLIS, GARCIA, CEPARANO, KALICOVIC, ISAAC, and HOTALING personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

94.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory

damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

95.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

97.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: using excessive force, particularly with regard to using said force on innocent bystanders when responding to disputes, striking individuals in the head with batons, ASPs, or other hard objects, engaging in a practice of falsification and covering up of acts of brutality and abuse of authority through false arrests and by failing to report uses of force as required by NYPD policy and practice, and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals or otherwise to cover up the use of force and abuse of authority.

98.    In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly

17

authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

99.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL.

100.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, as alleged herein.

101.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, as alleged herein.

102.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, were unlawfully arrested, plaintiffs HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL were subjected to the excessive use of force, and plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY were maliciously prosecuted.

103.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL's constitutional rights.

18

104.    All of the foregoing acts by defendants deprived plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from the excessive use of force;

D.    To be free from malicious prosecution;

E.    To be free from malicious abuse of process;

F.    To be free from the failure to intervene; and

G.    Not to be deprived of their right to fair trial.

105.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

106.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Within ninety (90) days after the claim herein accrued, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

19

108.   The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

109.   This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

110.   Plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL have complied with all conditions precedent to maintain the instant action.

111.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

112.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.   Defendants arrested plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL without probable cause.

114.   Plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL were detained against their will for an extended period of time and subjected to physical restraints.

115.   As a result of the aforementioned conduct, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL were unlawfully imprisoned in violation of the laws of the State of New York.

20

116.  As a result of the aforementioned conduct, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

117.  As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

118.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.  As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

120.  As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

121.  As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

21

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

122.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    Defendants made offensive contact with plaintiffs without privilege or consent.

124.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

125.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

126.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    Defendants initiated, commenced and continued a malicious prosecution against plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY.

128.    Defendants caused plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY to be prosecuted without probable cause.

129.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY are entitled to compensatory damages in an amount to be

22

fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

130.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    Defendants issued criminal process against plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY by causing them to be arrested, arraigned and prosecuted in criminal court.

132.    Defendants caused plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline or sanction for the above described acts of brutality and abuse of authority.

133.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, and BREYON GRAY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

134.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth

herein.

135.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

136.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

137.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

138.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL.

139.    As a result of the aforementioned conduct, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

140.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

141.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "140" with the same force and effect as if fully set forth herein.

142.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests of plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL.

143.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

144.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

145.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "144" with the same force and effect as if fully set forth herein.

146.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who engaged in the wrongful conduct described herein against plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL.

147.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory

25

damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

148.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "147" with the same force and effect as if fully set forth herein.

149.   Plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

150.   As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

151.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "150" with the same force and effect as if fully set forth herein.

152.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its

26

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

153.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

154.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "153" with the same force and effect as if fully set forth herein.

155.    As a result of defendants' conduct, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL were deprived of their right to equal protection of laws.

156.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

157.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "156" with the same force and effect as if fully set forth

herein.

158.    As a result of defendants' conduct, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL were deprived of their right to security against unreasonable searches, seizures, and interceptions.

159.    As a result of the foregoing, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY, and DEBORAH HARRELL, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 24, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs EBONY DUNCAN,
HARRISON MCCOMBS, BREYON GRAY,
and DEBORAH HARRELL
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
BRETT H. KLEIN (BK4744)

29

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

EBONY DUNCAN, HARRISON MCCOMBS, BREYON GRAY,
and DEBORAH HARRELL,

                              Plaintiffs,

                                                              12 CV 1565
          -against-                                           (PKC) (JO)

CITY OF NEW YORK, JOHN DENESOPOLIS, Individually,
FRANK ALIFFI, Individually, JERRY GARCIA, Individually,
JIN TSOI, Individually, BRUCE CEPARANO, Individually,
JEFFREY DESIO, Individually, BEKIM KALICOVIC, Individually,
ALBERT ISAAC, Individually, JOHN FAHIM, Individually,
MICHAEL HOTALING, Individually, FRANCISCO MONCAYO,
Individually, MASHIEL SANTOS, Individually, GREGORY
HOWARD, Individually, CHRISTOPHER CATALDO, and JOHN
and JANE DOE 1 through10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100